**Youn Kyung PARK, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**Nos. 02–74060, 03–72409.**

**Agency No. A79–144–016.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2005.\*\*

Decided May 23, 2005.

Maile M. Hirota, Esq., Gordon T. Yang, Esq., Lynch Ichida Thompson Kim & Hirota, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., Thankful T. Vanderstar, Esq., Anthony C. Payne, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KOZINSKI, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM \*\*\*

Park's petition challenging the BIA's denial of her motion to reopen is controlled by *Zazueta–Carrillo v. Ashcroft*, 322 F.3d 1166 (9th Cir.2003). At the time the BIA set Park's voluntary departure period, the controlling law was set out in *Contreras–Aragon v. INS*, 852 F.2d 1088 (9th Cir. 1988) (en banc). We therefore remand so that the Board can "consider whether, in light of the fact that *Contreras–Aragon* was still on the books, [Park's] period for voluntary departure should commence at a later time." *Zazueta–Carrillo*, 322 F.3d at 1174.

The BIA did not abuse its discretion in streamlining Park's appeal because the IJ did not err, and the BIA would not have abused its discretion if it concluded that the issue presented here-whether a student violated the terms of her status by failing to attend school-is insubstantial.

Substantial evidence supports the IJ's decision that Park violated the terms of her nonimmigrant student status because the unrebutted evidence indicates that

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Park did not attend the International College for English Studies ("International College").

The IJ did not inappropriately shift the burden of proof to Park. She merely noted that Park had not submitted any evidence to contradict the clear unequivocal evidence that she failed to attend International College.

There is no support in the record for Park's claim that the IJ was biased against her. Despite Park's failure to have her uncle testify, and the IJ's suspicions concerning Park's activities at the Hostess Bar, the IJ specifically noted that her suspicions were unproven and granted voluntary departure.

Park waived her argument that the INS seized her without probable cause because she only listed this issue in the "Issues Presented" section of her brief and never again referred to it. *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

For the foregoing reasons, Park's petition challenging the BIA's denial of her motion to reopen is remanded to the BIA, and Park's petition challenging the BIA's decision on the merits is denied. We also deny Park's "Motion for Declaratory Relief or for Nunc Pro Tunc Stay of Voluntary Departure."

Petition for Review No. 03–72409 is REMANDED; Petition for Review No. 02–74060 is DENIED.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.